UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60384-CIV-COHN/SELTZER

URSULA FINKEL, on her own behalf and on
behalf of those similarly situated,

       Plaintiff,

vs.

NEWBRIDGE SECURITIES CORPORATION,

       Defendant.
_____/

ORDER ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

THIS CAUSE is before the Court on Plaintiff's Motion to Compel Production of Documents (DE 135) and was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the United States District Court for the Southern District of Florida.  For the reasons set forth below, Plaintiff's Motion is GRANTED.

PROCEDURAL HISTORY

Plaintiff Ursula Finkel, on her own behalf and on behalf of others similarly situated, brings this action against Newbridge Securities Corporation ("Newbridge"), a securities broker-dealer.  Plaintiff (a former customer) alleges that Newbridge charged unreasonable and excessive "handling fees" to its customers.  According to Plaintiff, these fees bore no relation to Newbridge's actual costs in processing customer trades. Plaintiff's Fourth Amended Complaint (DE 120) asserts claims for breach of contract and negligence.

On October 1, 2013, Plaintiff served on Newbridge a First Request for Production

of Documents, which sought, *inter alia*, "sufficient documents to identify" proposed class members who contractually agreed to pay fees at the "then prevailing rates" and customer agreements for customers who processed a trade in the prior six years. On November 7, 2013, Newbridge objected to these requests on various grounds. Newbridge also indicated that to respond to these requests it would be required to obtain the requested customer agreements from its clearing firm, COR Clearing ("COR").

Five days after Plaintiff received Newbridge's discovery responses, on November 12, 2013, the District Court denied Plaintiff's motion for class certification (DE 89). Plaintiff, therefore, did not file a motion to compel Newbridge to produce the discovery sought because such a motion would have been futile; class-based discovery was no longer relevant. However, on February 7, 2014, the District Court granted Plaintiff leave to file a (fourth) amended complaint and to renew her motion for class certification (DE 119). According to Plaintiff, this Order had the effect of making the class-based discovery previously sought relevant once again.

Plaintiff (at some unspecified time) subpoenaed documents from (non-party) COR. Neither COR nor Newbridge objected to the subpoena. COR thereafter produced documents pursuant to the subpoena, including excel spreadsheets that identified each trade processed by Newbridge from June 1, 2008, forward. On February 27, 2014, Plaintiff emailed COR's attorney, inquiring whether any information on the spreadsheets produced by COR could be used "to determine whether the client was a Newbridge client on or after June 1, 2008 (as opposed to a Newbridge client prior to that date)" and, if not, whether COR possessed other documents showing that information. February 27, 2014 email (DE 135-2). In the days following this communication, Plaintiff's counsel made several

2

unsuccessful attempts to reach COR's counsel. But COR's counsel did not respond until March 18, 2014, at which time he indicated that COR did not possess the information sought and that Plaintiff would need to direct requests to Newbridge for the dates when an individual became a Newbridge client. March 18, 2014 email (DE 135-2). During the following days, Plaintiff's counsel exchanged several emails with COR's counsel to verify that Newbridge (not COR) possessed the requested information, as Newbridge had previously represented that it was not in its possession.

From March 24, 2014, through March 31, 2014, Plaintiff's counsel engaged in telephone conversations and email correspondence with Newbridge's counsel to confirm that Newbridge did possess the customer information (despite its prior contrary representation)[1] and requested that Newbridge provide the information. Newbridge's counsel indicated that its client would not do so voluntarily.

On April 1, 2014, Plaintiff filed the instant Motion, requesting that the Court compel Newbridge to produce documents responsive to Request Nos. 4 and 5 of her First Request for Production, seeking documents from which Plaintiff could identify putative class members. After Plaintiff filed the Motion (and before Defendant responded thereto), on April 11, 2014, the District Court certified this action as a class action. The class consists of the following:

> All former and current customers of Newbridge in the United

---

[1] Newbridge fails to explain its (either negligent or intentional) misrepresentation that COR possessed the documents responsive to Request Nos. 4 and 5. In response to the instant Motion, Newbridge merely states that "[c]ounsel for Newbridge [not Newbridge] has only recently learned that Newbridge does, in fact, possess portions of some customer contracts which Newbridge previously implied were in the possession of COR." Response at 10 (DE 137).

> States from whom Newbridge deducted, retained, and/or charged a per transaction "handling fee" at any time (a) within three (3) years preceding the filing of this lawsuit and through January 22, 2013, if the customer signed Newbridge's main customer agreement on or after June 1, 2008 (the "Class Period").[2]

April 11, 2014 (Sealed) Order Granting Motion for Class Certification and Appointing Class Representative and Class Counsel at 22 (DE 136) (footnote added).  The District Court also appointed Ursula Finkel as class representative and Richman Greer, P.A., Blum Law Group, and Place and Hanley, PLLC as class counsel. Id. at 21-22.

On April 18, 2014, Newbridge responded to Plaintiff's Motion to Compel (DE 137), and on April 24, 2014, Plaintiff replied thereto (DE 139).  Plaintiff's Motion is now ripe for decision.

---

[2] The Order further provided that certain individuals and entities are excluded from the class:

> Excluded from the Class are Newbridge, its parents, subsidiaries, affiliates, officers, directors, any entity in which Newbridge has a controlling interest, all customers who make a timely selection to be excluded, governmental entities, all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and any of the foregoing's legal heirs and assigns.  Also excluded from the class are former or current customers who, in connection with various regulatory proceedings brought against Newbridge, were reimbursed in full for the unreasonable "handling fees" charged by Newbridge.

April 11, 2014 (Sealed) Order Granting Motion for Class Certification and Appointing Class Representative and Class Counsel at 22 (DE 136).

PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

A.  Document Requests at Issue.

Plaintiff moves the Court to compel Newbridge to produce documents responsive to Request Nos. 4 and 5 of her First Request for Production.  Request No. 4 seeks:

> Sufficient documents to identify those Customers who within six (6) years preceding the filing of this lawsuit through January 22, 2013, who had contractually agreed that fees would be charged at the "then prevailing rate" through execution of an Account Application or another agreement such as an Option Agreement or Margin Agreement, as was the case with Plaintiff Remington.[3]

Plaintiff Ursula Finkel's First Request for Production of Documents (DE 137-5) (footnote added).  Defendant objected to Request No. 4 on the ground that compliance would require Defendant "to retrieve and examine each customer agreement for tens of thousands of customer accounts, and to analyze the language of those agreements in accordance with Plaintiff's legal theory of the case."  Response to Request for Production at 4 (DE 135-1).  According to Defendant, this Request would require Newbridge "to retrieve from COR Clearing, Inc. a copy of every customer agreement executed over a six year period and apply legal judgment to determine which particular customer agreements out of the total universe of customer agreements were responsive." Id. at 4-5.  Newbridge also objected that "even if possible, such an endeavor would be unreasonable, unduly burdensome and costly" and that "Plaintiff[] [has] subpoenaed COR Clearing, Inc. for documents responsive to this request, and the burden of reviewing and analyzing them is

---

[3] Richard Remington was an original Plaintiff in this action.  On February 7, 2014, the District Court permitted Remington to voluntarily dismiss his claims and permitted Finkel to proceed as the only Plaintiff by filing a fourth amended complaint. See Order (DE 119).

5

the same for Plaintiff[] as for Newbridge." Id. at 5.

Because Request No. 4 was drafted and served on Newbridge before the District Court denied Plaintiff's initial motion for class certification (and before Plaintiff filed her Fourth Amended Complaint narrowing the putative class), Plaintiff acknowledges that Option and Margin Agreements are no longer relevant. She indicates that she now "only needs sufficient documents reflecting which customers signed the customer agreement used by Newbridge after June 1, 2008," because every customer agreement after that date uses the term "then prevailing rate." Motion at 5 (DE 135).

Request No. 5 seeks "[a]ll contractual agreements for all customers of Newbridge for who[m] a trade was processed within (6) years preceding the filing of this lawsuit." Defendant objected to Request No. 5 for the same reasons it objected to Request No. 4. Id. at 5-6. Plaintiff explains that this Request (seeking the actual agreements) is an alternative to Request No. 4 in the "unlikely" event that Newbridge does not have "sufficient documents" reflecting whether a customer signed a customer agreement after June 1, 2008.

      B.    <u>Newbridge's Objections to Plaintiff's Motion to Compel</u>

In response to the instant Motion to Compel, Defendant first argues that the Court should deny Plaintiff's motion pursuant to Local Rule 26.1(h) because it was untimely filed. Local Rule 26.1(h)(1) provides that "[a]ll motions related to discovery . . . shall be filed within thirty (30) days of the occurrence of grounds for the motion. Failure to file such a discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought." S.D. Fla. L. R. 26.1(h)(1). "Although the 'occurrence of grounds for the motion' is usually the filing of responses and objections

6

to a discovery request, the fact that [Local Rule 26.1(h)] employs general language indicates that this is not always the case." Socas v. Northwestern Mut. Life Ins. Co., No. 07-20336-Civ, 2008 WL 619322, at *1 (S.D. Fla. Mar. 4, 2008) (Simonton, M.J.).

Newbridge contends that the grounds for Plaintiff's Motion to Compel occurred on November 7, 2013 – the date Plaintiff's received Newbridge's discovery responses and objections.  According to Newbridge, Plaintiff was therefore required to file her Motion thirty days from that date; yet she did not file the motion until April 5, 2014 – nearly 4 months late.  By contrast, Plaintiff contends that the grounds for her Motion occurred on March 18, 2014 – the date COR informed her that Newbridge "had provided misinformation in response to the formal document requests."  Motion at 9 (DE 135).  According to Plaintiff, the 30th day from that date would have been April 18, 2014, and therefore, her April 5 Motion was timely.  This Court need not decide the precise date of "the occurrence for grounds for the motion" because even were Plaintiff's filing untimely, she has shown "reasonable cause" to excuse the delay.  When the District Court initially denied Plaintiff's motion for class certification (five days after Plaintiff received Newbridge's discovery responses), Plaintiff could not at that time in good faith have filed a motion to compel class-based discovery that was no longer relevant.  The discovery Plaintiff seeks now did not become relevant again until three months later when the District Judge permitted Plaintiff to file another motion for class certification.  Plaintiff's filing of the instant Motion was additionally delayed by Plaintiff's attempting to obtain the documents from COR, due to Newbridge's misrepresentation that it did not possess them.

Defendant also argues that Plaintiff's Motion to Compel was untimely because she filed it after the November 1, 2013 discovery deadline. Neither the Federal Rules of Civil

7

Procedure nor this District's Local Rules expressly prohibit the filing of a motion to compel after the discovery deadline.

In support of its argument, Newbridge relies on two discovery orders from this District – Poe v. Carnival Corp., No. 06-20139, 2007 WL 211118 (S.D. Fla. Jan. 23, 2007) (Torres, M.J.), and Lira Arrow Air, Inc., No 05-23273, 2007 WL 188163 (S.D. Fla. Jan. 22, 2007) (Torres, M.J.).  In Poe, the defendant had served a request for production of documents two months after the discovery deadline, seeking a copy of a videotape that the plaintiff had made at her independent medical examination three months earlier.  The defendant then moved to shorten the plaintiff's time to respond to the discovery request, or alternatively, to compel production of the videotape.  In ruling that the defendant's motion to compel was untimely, the magistrate judge found that the defendant had failed to serve its request for production of the videotape in sufficient time for the plaintiff to produce it before the discovery deadline, in violation of the court's Local Rules; the judge further noted: "naturally that also means that any motions to compel should have been filed by that date to be timely."  Poe, 2007 WL 211118, at *1.  And in Lira, the plaintiff had moved to compel the defendants to produce their corporate representatives for deposition after the discovery deadline.  The magistrate judge noted that the record did not reflect that the plaintiff had served any deposition notices before the discovery deadline and that such notices should have been served in sufficient time for the depositions to have been completed before the discovery deadline.  And as he had also observed in Poe, the magistrate judge stated that to be timely the motion to compel should have been filed before the discovery deadline.  Lira, 2007 WL 188163, at *1.

Unlike the movants in Poe and Lira, Plaintiff here did serve her discovery requests

in time for Newbridge to respond before the discovery deadline.  Plaintiff served her First Request for Production on October 1, 2013.  The due date for Newbridge's response would have been 30 days thereafter (October 31, 2013) – 1 day before the November 1, 2013 discovery deadline.

Newbridge next argues that the Court should deny Plaintiff's Motion to Compel "because it appears to seek the production of documents that Plaintiff never formally requested, to wit, records reflecting customers' start dates with Newbridge."  Response at 5 (DE 137).  Newbridge is correct that courts (including this Court) have denied motions to compel the production of documents where the movant failed to make a formal request pursuant to Federal Rule of Civil Procedure 34.  See, e.g., Hugo ex rel BankAtlantic Bancorp, Inc. v. Levan, No. 08-CV-61018, 2009 WL 1758708, at *1 (S.D. Fla. Jun. 19, 2009) (Ungaro, J.); James v. Wash Depot Holdings, Inc., 240 F.R.D. 693, 695 (S.D. Fla. 2006) (Seltzer, M.J.); Suid v. Cigna Corp., 203 F.R.D. 227, 228 (D.V.I. 2001); Sithon Maritime Co. v. Mansion, No. Civ. A. 96-2262-EEO, 1998 WL 182785, at *2 (D. Kan. Apr. 10, 1998); see also S.D. Fla. L.R., Discovery Practices Handbook, App. A, III.A(4) ("Depending upon the form in which they are made . . . informal requests may not support a motion to compel.").

Newbridge bases its argument on an email that Plaintiff's counsel had sent to Newbridge's counsel after learning that Newbridge (not COR) possessed the customer information sought.  The March 24, 2014 email reads: "Given the class definition and that we know that 'prevailing rate' language contract was used from June 1, 2008 forward, I think that information relating to the start date of the customers (as opposed to the actual consumer contracts) would suffice."  March 24, 2014 email (DE 137-1).  Plaintiff counters

that Newbridge has taken the term "start date" out of context in an effort to establish that Plaintiff was seeking documents other than those now at issue. According to Plaintiff, the purpose of her counsel's pre-motion communications with Newbridge's counsel clearly was to obtain documents identifying customers who had signed a customer agreement containing the "prevailing rate" language from which Plaintiff could ascertain the class members,[4] which Newbridge well knows. On March 28, 2014, Plaintiff's counsel and Newbridge's counsel had a telephone conversation in which they discussed the customer information sought by Plaintiff. On March 31, 2014, Plaintiff's counsel followed up (by email) asking for Newbridge's position on providing the documents. Newbridge's counsel responded that "it would be helpful if you could identify the discovery request that asks for this information." March 31, 2014 mail (DE 139-2). Plaintiff's counsel replied immediately: "4 and 5 of the attached [Plaintiff's Request for Production]." Id.

This Court agrees with Plaintiff that Newbridge's argument is baseless and that Newbridge was less than candid with the Court, omitting any reference to the follow-up conversation and correspondence to the March 24, 2013 email. Moreover, even if the March 24 email (upon which Newbridge relies) were deemed an informal request for information not previously sought, the instant Motion seeks to compel documents pursuant to Plaintiff's formal Request for Production.

Next, in its response to Plaintiff's Motion to Compel, Newbridge includes a heading entitled, "The Substance of Newbridge's Objections to the Discovery Requests Remain

---

[4] According to Plaintiff, Newbridge has confirmed that all customer agreements used during the class period (June 1, 2008 through January 22, 2013) contain the "prevailing rate" language.

10

Valid." According to Newbridge, the "thrust of those objections was that Plaintiff was not merely requesting documents, but was requesting Newbridge to analyze documents in accordance with Plaintiff's legal theories, to compare that information with information maintained by COR (i.e. trading records) and to produce the product of that analysis." Response at 11 (DE 137). Newbridge based its objections, at least in part, on Plaintiff's definition of "customer", which included those "from whom Newbridge deducted, retained, and/or charged a per transaction 'handling fee that exceeded its direct and actual costs in processing the transaction. . . .'" Id. Newbridge argues that its objections "were valid based upon the requests as and when made." Id. (emphasis added). Although that may be true, Newbridge fails to explain why those objections "remain valid" (as indicated in its heading) after the District Court eliminated the "excess fees" language (proposed by Plaintiff) in certifying the class. As Newbridge has acknowledged that all customer agreements from June 1, 2008, through January 22, 2013 (the class period) contain the "prevailing rate" language, no analysis, comparison, or legal judgment is required. All Newbridge need do is determine whether a customer agreement was signed on or after June 1, 2008, through January 22, 2013.

As the Court has concluded that all Newbridge's objections to Request Nos. 4 and 5 (seeking documents from which class members can be identified) are without merit, Plaintiff's Motion to Compel is due to be granted.

Moreover, once a class has been certified, a court has the authority to direct that documents identifying class members be produced, even without a discovery request. See In re Nissan Motor Corp. Antitrust Litig., 552 F.2d 1088, 1097-99, 1102 (5th Cir. 1977) ("In the management of class actions, Federal Rule of Civil Procedure 23 necessarily vests the

district courts with a broad discretion to enable efficacious administration of the course of the proceedings before it"; "Rule 23(d) vests the district court, as manager of the class action, with the appropriate authority to enter whatever orders are necessary to the conduct of the action."). Rule 23(c)(2) requires, *inter alia*, that a court "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. Rule 23(c)(2)(B). As the former Fifth Circuit has instructed: "[R]ather than being controlled by the federal civil discovery rules, identification of absentee class members' names and addresses is part and parcel of [R]ule 23(c)(2)'s mandate that the class members receive the best notice practicable under the circumstances . . . ." In re Nissan Motor Corp., 552 F.2d at 1102.

The "reasonable effort standard requires that, once a 23(b)(3) action has been certified, the name and last known address of each class member known to the parties capable of being identified from business or public records available to them must be produced." Id. at 1098. "The source or sources providing the greatest number of names and addresses must be used." Id. at 1098-99. In determining whether class members can be identified with reasonable effort, a court must consider "the relative ability of the parties to furnish identification of absentee class members." Id. In her Proposed Schedule for Providing Class Notice (DE 138), Plaintiff stated that COR has represented that it will likely be able to provide a list of names and addresses of every Newbridge customer that was charged a handling fee during the class period. But this list will be over-inclusive because it does not identify the customers who executed a post-June 1, 2008 customer agreement (a requirement for class membership). According to Plaintiff, to determine the identity of

each class member and the claims of each – negligence and/or breach of contract – it must determine which customer agreement each customer signed. It appears, therefore, that Newbridge has exclusive possession of the documents – the post-June 1, 2008 customer agreements – that are necessary to ascertain the identity of the class members and the claims each may have.[5]

## ORDER

Based on the foregoing, it is hereby ORDERED that within ten (10) days of the date of this Order, Newbridge shall produce to Plaintiff copies of all requested customer agreements signed on or after June 1, 2008, through January 22, 2013 (the class period).

DONE AND ORDERED in Fort Lauderdale, Florida, this 18th of July 2014.

_____
BARRY S. SELTZER
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record

---

[5] Newbridge's chief operating officer attests that Newbridge has an electronic data system that records the date each customer returns a signed account application and that Newbridge maintains a physical file with signed account applications and other customer agreements. See Gina Buddie Decl. ¶¶ 6, 7 (DE 137-4).