**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 13-60384-CIV-COHN-SELTZER**

URSULA FINKEL, on her own behalf
and on behalf of those similarly situated,

      Plaintiff,

v.                                  **CLASS ACTION**

NEWBRIDGE SECURITIES
CORPORATION,

      Defendant.

_____/

**THE PARTIES' JOINT NOTICE OF FILING STIPULATION OF SETTLEMENT**

      Plaintiff Ursula Finkel and Defendant Newbridge Securities Corporation, by and through their undersigned counsel, hereby give notice of the filing a Stipulation of Settlement in this class action matter, a copy of which is attached hereto.  The parties are presently working on a joint motion for preliminary approval of the settlement for submission to the Court.

Dated: <u>October 22, 2014</u>

<table>
<tr>
<td>

By:         /s

Lyle E. Shapiro (FBN: 0120324)
lshapiro@richmangreer.com
Manuel A. Garcia-Linares (FBN: 0985252)
mlinares@richmangreer.com
Eric M. Sodhi (FBN: 0583871)
esodhi@richmangreer.com
Joshua L. Spoont (FBN: 053263)
jspoont@richmangreer.com
RICHMAN GREER, P.A.
396 Alhambra Circle
North Tower, 14th Floor
Miami, Florida 33134
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

Sara Hanley (FBN: 107508)Sara_hanley@placeandhanley.com
Randall C. Place (FBN: 229090)
Randall_place@placeandhanley.com
Place and Hanley LLC
1415 Panther Lane Ste 207
Naples, FL 34109
Telephone: (239)455-1242
Facsimile: (888)-876-6450

Darren Blum (FBN: 87173)
blum@stockattorneys.com
110 E. Broward Blvd.
Suite 1700
Fort Lauderdale, FL 33301
Telephone: (954) 255-8181
Facsimile: (954) 206-1717

Attorneys for Ursula Finkel, on her own behalf and on behalf of those similarly situated.

</td>
<td>

By:         /s

Dennis A. Nowak (FBN: 328979)
dnowak@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
80 SW 8th Street
Suite 3000
Miami, Florida 33130
Telephone: (305) 358-5577
Facsimile: (305) 371-7580

Gregg J. Breitbart, Esq.  (FBN.  843415)
gbreitbart@kdvlaw.com
KAUFMAN DOLOWICH & VOLUCK, LLP
One Boca Place
2255 Glades Rd., Suite 300E
Boca Raton, Florida 33431
Telephone:  (561) 910-5650
Facsimile:  (888) 464-7982

Attorneys for Defendant Newbridge Securities Corporation

</td>
</tr>
</table>

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY certify that on October 22, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: _____/s_____
　　　　Lyle E. Shapiro

**SERVICE LIST**
Ursula Finkel vs. Newbridge Securities Corporation
Case No. 13-60384-CIV-COHN-SELTZER
United States District Court, Southern District of Florida

| | |
|---|---|
| Lyle E. Shapiro<br>lshapiro@richmangreer.com<br>Manuel A. Garcia-Linares<br>mlinares@richmangreer.com<br>Eric M. Sodhi<br>esodhi@richmangreer.com<br>Joshua L. Spoont<br>jspoont@richmangreer.com<br>RICHMAN GREER, P.A.<br>396 Alhambra Circle, North Tower, 14th Floor<br>Miami, FL 33134<br>*Attorneys for Plaintiffs* | Sara Hanley, Esq.<br>Randall C. Place, Esq.<br>Place and Hanley, LLC<br>1415 Panther Lane Ste 207<br>Naples, FL 34109<br>Sara_hanley@placeandhanley.com<br>randall_place@placeandhanley.com<br>*Attorneys for Plaintiffs* |
| Darren Blum, Esq.<br>Blum Law Group<br>110 E. Broward Blvd.<br>Suite 1700<br>Ft. Lauderdale, FL 33301<br>blum@stockattorneys.com<br>*Attorneys for Plaintiffs* | Gregg J. Breitbart, Esq.<br>Kaufman Dolowich Voluck & Gonzo LLP<br>One Boca Place<br>2255 Glades Rd., Suite 300E<br>Boca Raton, Florida<br>33431gbreitbart@kdvglaw.com<br>*Attorneys for Defendant* |
| Dennis A. Nowak, Esq.<br>Rumberger, Kirk & Caldwell, P.A.<br>Brickell Biscayne Centre<br>Suite 3000<br>80 S.W. 8th Street<br>Miami, FL 33130<br>dnowak@rumberger.com<br>*Attorneys for Defendant* | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.: 13-60384-CIV-COHN-SELTZER**

URSULA FINKEL, on her own behalf
and on behalf of those similarly situated,

      Plaintiff,

v.                                                              **CLASS ACTION**

NEWBRIDGE SECURITIES
CORPORATION,

      Defendant.
_____/

**<u>STIPULATION OF SETTLEMENT</u>**

This Stipulation of Settlement is made and entered into by and among Plaintiff Ursula Finkel ("Plaintiff" or "Finkel"), on behalf of herself and each of the Settlement Class Members, by and through Class Counsel authorized to settle this Litigation on their behalf, and Defendant Newbridge Securities Corporation ("Defendant" or "Newbridge") (collectively, the "Parties"), by and through their counsel of record in this Litigation.

## I.      RECITALS

A.      On December 26, 2012, Richard Remington, on behalf of himself and all others similarly situated, filed a class action complaint against Newbridge in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida;

B.      On February 19, 2013, Newbridge removed this action to the United States District Court for the Southern District of Florida, Case No. 13-60384 [DE 1];

C.      On April 1, 2013, Plaintiff Finkel joined Richard Remington as a class plaintiff representative in an amended class action complaint against Newbridge [DE 19];

D.      On February 7, 2014, the Court granted Richard Remington's motion to voluntarily dismiss his claims against Newbridge without prejudice, and permitted Plaintiff Finkel to file a fourth amended complaint [DE 119] as the sole class representative;

E.      On April 11, 2014, the Court certified this Litigation as a class action;

F.      On September 24, 2014, the Parties agreed to a principal framework to resolve this Litigation on behalf of the Settlement Class Members;

G.      Prior hereto, the Parties engaged in extensive discovery, including the production and review of thousands of pages of documents from Defendant and third parties, extensive work with expert witnesses and consultants and depositions of the Parties and their expert witnesses. Additionally, the Parties engaged in extensive and vigorously contested briefing on Defendant's

motions to dismiss, Defendant's motion for summary judgment and Plaintiff's motions for class certification.

      H.     The Parties also engaged in extensive settlement negotiations, including two in person mediation sessions conducted by mediator and former circuit court judge, Howard Tescher. The Parties also engaged in extensive settlement discussions over the telephone. As a result of these mediation sessions and subsequent settlement discussions, the Parties have agreed to settle all of the claims asserted in Plaintiff's lawsuit.

      I.     This Stipulation constitutes the resolution of disputed claims and is for settlement purposes only. Defendant has denied and continues to deny any and all allegations of wrongdoing alleged in Plaintiff's lawsuit. Nonetheless, Defendant has concluded that continued litigation could be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation in order to limit further expense, inconvenience, and uncertainty.

## II.    DEFINITIONS

      A.     As used in this Stipulation the following capitalized terms have the meanings specified below:

      1.     "Aggregate Settlement Class Members' Damages" means the total sum of all Settlement Class Members' Individual Damages.

      2.     "Class", as certified by the Court, means all former and current customers of Newbridge in the United States from whom Newbridge deducted, retained and/or charged a per transaction "handling fee" at any time (a) within three (3) years preceding the filing of this lawsuit and through January 22, 2013, or (b) between June 1, 2008 and January 22, 2013, if the customer signed Newbridge's main customer agreement on or after June 1, 2008.

Excluded from the Class are Newbridge, its parents, subsidiaries, affiliates, officers and directors, any entity in which New bridge has a controlling interest, all customers who make a timely selection to be excluded, governmental entities, all judges assigned to hear any aspect of this Litigation, as well as their immediate family members, and any of the foregoing's legal heirs and assigns. Also excluded from the class are former or current customers who, in connection with various regulatory proceedings brought against Newbridge, were reimbursed in full for the unreasonable "handling fees" charged by Newbridge.

      3.     "Class Action Settlement Administrator" means the company or companies jointly selected by Class Counsel and Defendant's Counsel and approved by the Court to provide Class Notice and to administer the settlement process.

      4.     "Class Counsel" means the attorneys of record for Plaintiff.

      5.     "Class Member" means a member of the Class.

      6.     "Class Notice" means the "Notice of Class Action Settlement", substantially in the form of Exhibit A, and discussed in §V of this Stipulation.

      7.     "Compensable Trade" means any trade or transaction made by a Class Member during the Settlement Class Period in which Newbridge charged the Class Member a "Handling Fee" that exceeded the costs charged to Newbridge by Newbridge's clearing firm to process that transaction.

      8.     "Court" means the United States District Court for the Southern District of Florida.

      9.     "Defendant" means Newbridge Securities Corporation.

      10.     "Defendant's Counsel" means the attorneys of record for Defendant.

11.     "Effective Date" means the date on which all of the conditions of settlement have been satisfied, as discussed in §IX of this Stipulation.

12.     "Handling Fee" means the per transaction fee at issue in this Litigation, which Newbridge (a) currently describes on its fee schedule as a $29.95 "Firm Commission",[1] and (b) formerly described on its fee schedule as "Postage and Handling" and "Postage and Firm Commission."

13.     "Judgment" means the "Judgment, Final Order and Decree" to be entered by the Court.

14.     "Litigation" means the above-captioned lawsuit, *Finkel v. Newbridge Securities Corporation*, Case No. 13-60384-CIV-COHN-SELTZER (S.D. Fla).

15.     "Party" or "Parties" means the Plaintiff and Defendant in this Litigation.

16.     "Person" means a natural person, individual, corporation, partnership, association, or any other type of legal entity.

17.     "Plaintiff" means and includes the class representative, Ursula Finkel.

18.     "Preliminary Approval Order" means the "Order re Preliminary Approval of Class Action Settlement," substantially in the form of Exhibit B attached hereto, preliminarily approving this Stipulation, providing for notification to the Settlement Class and seeking the scheduling of the Final Settlement Hearing.

19.     "Released Claims" means any and all actions, claims, demands, rights, suits, and causes of action of whatever kind or nature against the Released Persons, including damages, costs, expenses, penalties, and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, which arise out of Newbridge's Handling Fee (including claims

---

[1] http://www.newbridgesecurities.com/pdf/ClientDiscl/FeeSchedule.pdf (retrieved 09/29/2014)

arising out of Newbridge's Handling Fee which were or could have been asserted by the Class in the Litigation), from the beginning of the world to the Effective Date of the Settlement. For purposes of clarity, Released Claims do not include actions, claims, demands, rights, suits, and causes of action relating to the mishandling of a Class Members' investments, such as churning or unsuitable investments.

20.     "Released Persons" means and includes Defendant and any and all of their current or former employees, officers, directors, attorneys, predecessors, successors, assigns, parents and registered representatives.

21.     "Request for Exclusion" means a request by a Class Member to be excluded from the Class, which complies with the requirements set forth in this Stipulation.

22.     "Settlement Class Member(s)" or "Member(s) of the Settlement Class" means a member of the Class who has not (a) timely and properly submitted a Request for Exclusion or (b) otherwise been properly excluded from the Class.

23.     "Settlement Class Member's Individual Damages" shall mean, with respect to all Compensable Trades made by a Settlement Class Member during the Class Period, the difference between (a) the total sum of money that the Settlement Class Member paid to Newbridge as Handling Fees on Compensable Trades; and (b) the total sum of money that Newbridge paid to its clearing firm(s) to process the Settlement Class Member's Compensable Trades. Where appropriate, a Settlement Class Member's Individual Damages shall be reduced by any amounts received as a "handling fee" refund in connection with regulatory proceedings brought against Newbridge for the same "Handling Fees" at issue in the Litigation.

24.     "Settlement Class Period" means (a) June 1, 2008 through January 22, 2013, for Class Members who executed Newbridge's main customer agreement on or after June 1, 2008; or (b) December 26, 2009 through January 22, 2013, for all other Class Members.

25.     "Settlement Fund" means the $850,000.00 common fund, plus all interest earned pending Final Approval as discussed in §IV.A.(2) of this Stipulation.

26.     "Settlement Hearing" means the Final hearing(s) to be held by the Court to consider and determine whether the proposed settlement of this Litigation as contained in this Stipulation should be approved as fair, reasonable, and adequate, and whether the Judgment approving the settlement contained in this Stipulation should be entered.

27.     "Settlement Website" means the website to be created for this settlement that will include information about the Litigation and the settlement, relevant documents and printable forms relating to the settlement, including the Request for Exclusion form which can be printed and mailed. The Settlement Website shall be activated no later than 60 days before the Settlement Hearing and shall remain active until 101 days after the Effective Date. A link to the Settlement Website may also be available, at Class Counsel's option, on Class Counsel's websites.

28.     "Stipulation" means this Stipulation of Settlement, including its attached exhibits (which are incorporated herein by reference), duly executed by Class Counsel and counsel for Defendant.

B.     Other capitalized terms used in this Stipulation but not defined above shall have the meaning ascribed to them in this Stipulation and the exhibits attached hereto.

## III.     TRADE AND OTHER DOCUMENTS

The Parties acknowledge and agree that the documents necessary to identify Class Members, Compensable Trades and to calculate each Settlement Class Member's Individual Damages have been produced in the Litigation to Plaintiff and Class Counsel.  Notwithstanding that fact, Defendant agrees to produce any and all additional documents which are reasonably requested by Class Counsel or the Class Action Settlement  Administrator to effectuate the terms and intent of the settlement and this Stipulation.

## IV.    SETTLEMENT RELIEF

The settlement relief includes cash payments and future discounts on Newbridge's Firm Commissions on trades.

### A.    Cash Payments

#### 1.    Class Members' Cash Recovery

Each Member of the Settlement Class shall receive its pro rata percentage share of the Net Settlement Fund (defined in §IV.A.(2)(d), below), which percentage shall be calculated by dividing the Settlement Class Member's Individual Damages by the Aggregate Settlement Class Members' Damages.

#### 2.    Settlement Fund.

Within three (3) business days following the Court's entry of the Preliminary Approval Order, Defendant shall pay $850,000.00 in trust to an interest bearing account at Fifth Third Bank (the "Fund Institution") for payments made pursuant to this section.

The Settlement Fund shall be applied as follows:

a)    To pay Class Counsel's attorneys' fees and expenses in the amount awarded by the Court (the "Initial Fee and Expense Award"), including but not limited to

expenses associated with approval of the settlement and this Stipulation (e.g., expert witnesses), and Plaintiff's incentive award, pursuant to §VIII.

b)   To reimburse all advanced costs and to immediately pay all of the costs and expenses reasonably and actually incurred by the Settlement Class Administrator in connection with providing notice, locating Settlement Class Members, verifying Settlement Class Members mailing addresses, receiving Requests for Exclusion, administering and distributing the Net Settlement Fund to Settlement Class Members, paying escrow fees and costs, if any, and any other actions reasonably necessary to effectuate the purpose of this settlement;

c)   To pay any necessary taxes as well as tax expenses related to interest earned by the Settlement Fund; and

d)   After payment of a)-c) above, to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Settlement Class Members as allowed by this Stipulation, or the Court.

3.   **Net Settlement Fund: Excess Funds**

a)   If there remain any unclaimed amounts of the Net Settlement Fund, whether by the failure of any Settlement Class Member to deposit his/her/its check or otherwise, the remaining amount in the Net Settlement Fund shall be paid to one or more charities agreed upon by the Parties and approved by the Court pursuant to the cy pres doctrine.

4.   **Delivery of Payments to Settlement Class Members**

a)   Payment will be made directly to the Settlement Class Members by first class mail as soon as reasonably practicable following the Effective Date.

5.   **Request for Exclusion Form**.

A Request for Exclusion form will be available for downloading from the Settlement Website.  The Request for Exclusion form may also be requested by calling the toll-free number provided by the Class Action Settlement Administrator or by writing to the Class Action Settlement Administrator.

    6.  **Eligibility for Cash Payment**.

To be eligible for a cash payment, a Settlement Class Member need not take any affirmative action.

    7.  **Return of Settlement Fund**

In the event the Effective Date does not occur, all amounts paid into the Settlement Fund, less amounts paid to or on behalf of the Class Action Settlement Administrator, less amounts paid to Class Counsel for reimbursement of costs associated with the Class Notice, and less any taxes and tax expenses, shall be returned to Defendant.

  **B.**  **Commission Discounts**

    1.  **$20.00 Discount on "Firm Commissions"**

Beginning on the first (1st) day of the month immediately following the month in which the Effective Date occurs, and thereafter continuing for a period of thirty-six (36) consecutive months (the "Discount Period"), Newbridge shall automatically discount twenty dollars ($20.00) from the "Firm Commission" (currently shown as a separate line item on trade confirmation for fee eligible transactions as $29.95) on every Firm Commission eligible  trade made by a Settlement Class Member (collectively, the "Commission Discounts").   The Commission Discounts shall  apply to eligible trades regardless of what the charge currently called "Firm Commission" may be called in the future. Newbridge also agrees that if it reduces or eliminates the Firm Commission charge in the future, that it will not institute another charge in order to

offset the reduction in revenue resulting from the change in the Firm Commission. The $20.00 Discount shall be operative as to all Settlement Class Member accounts whether they are currently opened or opened in the future. Further, the $20.00 Discount shall be operative as to all Settlement Class Member accounts, regardless whether such account is owned by the Settlement Class Member individually, jointly, as trustee, through an entity or otherwise.

Newbridge warrants and represents that as of the date of this Stipulation, it does not intend to reduce or eliminate the Firm Commission.

### 2.      Accounting of Commission Discounts

Every two (2) months during the Discount Period, Newbridge shall provide Class Counsel with the number of  trades subject to the  Commission Discounts.  Upon request from Class Counsel but no more often than every five (5) months, Newbridge shall also provide Class Counsel with an accounting of the Commission Discounts  provided to Settlement Class Members by (a) certifying, under oath, the total dollar sum of all Commission Discounts applied during the applicable two month period, and (b) providing the underlying documentation reflecting those Commission Discounts, at Class Counsel's request.  Newbridge shall provide Class Counsel with this certification on or before the tenth (10th) day of the month following the close of each five-month accounting period.[2]

### 3.      Supplemental Fee and Expense Awards

In accordance with §VIII.C., in addition to the Initial Fee and Expense Award, Newbridge agrees to pay Class Counsel's attorneys' fees and expenses in the amounts awarded by the Court from time to time with respect to the value of the Commission Discounts applied under this §IV.B. (each, a "Supplemental Fee and Expense Award").

## V.      NOTICE TO THE CLASS AND COMMUNICATIONS WITH SETTLEMENT CLASS MEMBERS

### A.      Class Notice

The Class Notice shall conform to all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clauses), and any other applicable law, and shall otherwise be in the manner and form agreed upon by the Parties and approved by the Court.

---

[2] In the event that there is a reduction or elimination of the "Firm Commission", Newbridge shall nonetheless continue to fulfill its obligations under this Section.

No later than 60 days before the Settlement Hearing, the Class Notice shall be delivered by first class mail by the Class Action Settlement Administrator to Class Members and posted on the Settlement Website. The Class Notice shall remain available by these means until 101 days after the Court enters the Judgment. The mailing address used by the Class Action Settlement Administrator shall be the last known mailing addresses of Class Members produced in the Litigation.

B.     **[Intentionally omitted].**

C.     **Retention of Class Action Settlement Administrator**

Lead Counsel shall retain First Class, Inc. of Chicago, IL to serve as the Class Action Settlement Administrator to help implement the terms of the proposed Stipulation.  The Class Action Settlement Administrator shall assist with various administrative tasks, including, without limitation, (a) mailing or arranging for the mailing or other distribution of the Class Notice to Settlement Class Members, (b) mailing or arranging for the mailing or other distribution of appropriate forms to Settlement Class Members, (c) handling returned mail not delivered to Settlement Class Members, (d) attempting to obtain updated address information for Settlement Class Members and for any Class Notice returned without a forwarding address or an expired forwarding address, (e) making any additional mailings required under the terms of this Stipulation, (f) answering written inquiries from Settlement Class Members and/or forwarding such inquiries to Class Counsel or their designee, (g) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding Requests for Exclusion to the settlement, (h) establishing the Settlement Website that posts notices and other related documents, (i) distributing payments to Settlement Class Members, and (j) otherwise assisting with administration of the Stipulation. The future cost of the Class Action Settlement

Administrator will be paid from the Settlement Fund.   Further, Class Counsel shall be reimbursed $26,381.21 out of the Settlement Fund, which amount constitutes the payment Class Counsel already made to the Class Action Settlement Administrator for preparing and serving notices on the Class Members.

1.     The Class Action Settlement Administrator, shall administer and calculate the amounts payable to Class Members and, after the Effective Date, shall oversee distribution of the Settlement Fund to all Class Members.

2.     The Class Action Settlement Administrator shall distribute the Net Settlement Fund on a *pro rata* basis, as set forth in this Stipulation, as determined and calculated by Class Counsel.

3.     Neither Newbridge, nor its counsel shall have any responsibility relating to the distribution of the Settlement Fund.

## VI.     APPROVAL PROCEDURES AND RELATED PROVISIONS

### A.     Preliminary Approval and Settlement Hearing

Promptly after execution of this Stipulation, the Parties shall submit this Stipulation to the Court and shall jointly apply for entry of a Preliminary Approval Order preliminarily approving this Stipulation, providing for the dissemination of the Class Notice, and scheduling a Settlement Hearing.

### B.     Requests for Exclusion and Objections

1.     Any potential Settlement Class Member who wishes to be excluded from the Class must mail a written Request for Exclusion to the Class Action Administrator, care of the address provided in the Class Notice, postmarked no later than 21 days before the Settlement

Hearing, or as the Court otherwise may direct. The written request for exclusion must request exclusion from the Class, must be signed by the potential Settlement Class Member and include a statement indicating that the request is made by a member of the Settlement Class. A list reflecting all requests for exclusion shall be filed with the Court by Class Counsel at or before the Settlement Hearing.

       2.    Any potential Settlement Class Member who does not file a timely written request for exclusion as provided in the preceding §VI.B.1 shall be bound by all subsequent proceedings, orders and the Judgment in this Litigation relating to this Stipulation, even if he or she has pending, or subsequently initiates, litigation, arbitration or any other proceeding against Defendant relating to the Released Claims.

       3.    A potential Class Member who wishes to object to the fairness, reasonableness, or adequacy of this settlement must mail such objection to the Court, Class Counsel, and counsel for Defendant, postmarked no later than 21 days before the Settlement Hearing, or as the Court otherwise may direct. The objection shall specify the reasons, if any, for each objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of the objection. Class Members may file and serve a written objection either on their own or through an attorney hired at their own expense.  Any Class Member who files and serves a written objection, as described herein, may appear at the Settlement Hearing either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of this settlement.

       4.    Newbridge shall have the right to terminate this Stipulation, and thereby render it void, in the event that Class members whose collective *pro rata* share of the Eight

Hundred Fifty Thousand Dollar ($850,000) Settlement Fund exceed One Hundred Fifty

Thousand Dollars ($150,000), timely request to be excluded from the Settlement.

## VII.    RELEASES

As of the Effective Date, Plaintiff and each Settlement Class Member who has not validly excluded himself, herself or itself from the Settlement Class pursuant to §VI.B. of this Stipulation shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons. In connection with the Released Claims, each Settlement Class Member shall be deemed as of the Effective Date to have waived any and all provisions, rights, and benefits conferred by §1542 of the California Civil Code and any statute, rule, and legal doctrine similar, comparable, or equivalent to California Civil Code §1542, which reads as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

## VIII.   CLASS COUNSEL'S ATTORNEYS' FEES, COSTS AND EXPENSES AND CLASS REPRESENTATIVE INCENTIVE AWARD

A.    **Initial Fee and Expense Award**:  The Parties negotiated over fees, costs, and expenses only after reaching agreement upon all other material terms of this Settlement Agreement. As a result of the negotiation and compromises that took place, Class Counsel agrees to make, and Defendant agrees not to oppose, an application for the Initial Fee and Expense Award for attorneys' fees in the Litigation not to exceed a total of thirty percent (30%) of the Settlement Fund.  Defendant further agrees not to oppose an Initial Fee and Expense Award of reasonable, actual out-of-pocket costs and expenses.  Such Initial Fee and Expense Award will be paid from the Settlement Fund upon Court Order.

1.    Class Counsel, in its sole discretion, shall allocate and distribute the Court's Initial Fee and Expense Award among Class Counsel.

-17-

B.      Newbridge further agrees that Plaintiff may seek a class representative incentive award for Plaintiff in an amount not to exceed $15,000.

C.      Supplemental Fee and Expense Awards: Class Counsel agrees to make, and Defendant agrees not to oppose, one or more applications for a Supplemental Fee and Expense Award for attorneys' fees not to exceed a total of thirty percent (30%) of the value of the Commission Discounts applied during the Discount Period preceding any such application. Defendant further agrees not to oppose Supplemental Fee and Expense Awards of reasonable, actual out-of-pocket costs and expenses during the same period.  Such Supplemental Fee and Expense Awards will be paid by Newbridge (or its successor in interest or insurer) to Class Counsel within three (3) days of the date on which the Court enters an order approving each Supplemental Fee and Expense Award.  The parties anticipate that Class Counsel will make applications for Supplemental Fee and Expense Awards every six (6) months following the start of the Discount Period.

1.      Class Counsel, in its sole discretion, shall allocate and distribute the Court's Supplemental Fee and Expense Awards among Class Counsel.

## IX.     CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

A.      The Effective Date of this Stipulation shall be the first date after which all of the following events and conditions have been met or have occurred:

1.      The Court has preliminarily approved this Stipulation;

2.      The Court has entered the Judgment; and

3.      Unless the Parties otherwise agree in writing to waive all or any portion of the following provision, there has occurred: (i) in the event there is a properly and timely filed objection to entry of the Final Judgment and Order, the expiration (without the filing or noticing

of an appeal) of the time to appeal from the Final Judgment and Order; (ii) the final dismissal of an appeal from the Final Judgment and Order; (iii) affirmance on appeal of the Final Judgment and Order in substantial form; (iv) if a ruling or decision is entered by an appellate court with respect to affirmance of the Final Judgment and Order, the time to petition for a writ of certiorari with respect to such ruling or decision has expired; or (v) if a petition for a writ of certiorari with respect to the Final Judgment and Order is filed, the petition has been denied or dismissed or, if granted, has resulted in affirmance of the Final Judgment and Order in substantial form.

B.      If all of the conditions specified in §IX.A of this Stipulation are not met, then this Stipulation shall be cancelled and terminated unless Class Counsel and Defendant mutually agree in writing to proceed with this Stipulation.

C.      In the event the Court does not approve this Settlement – either at the Preliminary Approval or Final Approval stage – then this Settlement shall be deemed void, *nunc pro tunc*, and the Parties will resume the litigation posture they were in as of September 24, 2014.  The Parties, however, intend for this Settlement Agreement to resolve fully and completely the Claims that Plaintiff and the Class have brought against Newbridge and, therefore, the Parties jointly shall endeavour to pursue Preliminary Approval and Final Approval of the Settlement Agreement as expeditiously as possible and shall take all reasonable efforts to make certain that the Court grants both Preliminary Approval and Final Approval.

D.      The effectiveness of this Settlement will not be conditioned upon or delayed by the Court's failure to approve the Class Counsel's application for attorneys' fees, costs, or expenses, or the Court's failure to award the incentive award to Plaintiff.

## X.    MISCELLANEOUS PROVISIONS

A.    The Parties hereto and their undersigned counsel agree to undertake their best efforts and mutually cooperate to promptly effectuate this Stipulation and the terms of the settlement set forth herein, including taking all steps and efforts contemplated by this Stipulation and any other steps and efforts which may become necessary by order of the Court or otherwise.

B.    Defendant shall comply with any and all settlement notice requirements under the Class Action Fairness Act of 2005, including but not limited to those found in 28 U.S.C. §1715.

C.    The undersigned counsel represent that they are fully authorized to execute and enter into the terms and conditions of this Stipulation on behalf of their respective clients.

D.    This Stipulation contains the entire agreement among the Parties hereto and supersedes any prior agreements or understandings between them.  Except for §I, all terms of this Stipulation are contractual and not mere recitals and shall be construed as if drafted by all Parties. The terms of this Stipulation are and shall be binding upon each of the Parties and their heirs, successors and assigns.

E.    Whenever this Stipulation requires or contemplates that one Party shall or may give notice to the other, notice shall be provided by U.S. mail as follows:

1.    If to Plaintiff, then to: Lyle E. Shapiro, Esq., Richman Greer, P.A., 396 Alhambra Circle, North Tower, 14th Floor, Miami, Florida 33134.

2.    If to Defendant, then to:  Dennis A. Nowak, Esq., Rumberger, Kirk & Caldwell, P.A., 80 SW 8th Street, Suite 3000, Miami, Florida 33130.

F.    All time periods set forth herein shall be computed in business days if seven days or less and calendar days if eight days or more unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Stipulation or by order of the Court,

the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, or, when the act to be done is the filing of a paper in Court, a day in which weather or other conditions have made the Office of the Clerk of the Court inaccessible, in which event the period shall run until the end of the next day as not one of the aforementioned days. As used in this subsection, "legal holiday" includes New Year's Day, Martin Luther King, Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, Christmas Day and any other day appointed as a holiday by the President or the Congress of the United States.

G.     The Parties, their successors and assigns, and their attorneys undertake to implement the terms of this Stipulation in good faith and to use good faith in resolving any disputes that may arise in the implementation of the terms of this Stipulation.

H.     This Stipulation may be amended or modified only by a written instrument signed by Class Counsel and any of Defendant's Counsel. Amendments and modifications may be made without additional notice to the Settlement Class Members unless such notice is required by the Court.

I.     The exhibits to this Stipulation are an integral part of the Settlement and are hereby incorporated and made a part of this Stipulation.

J.     This Settlement Agreement, whether or not consummated, and any proceedings taken pursuant to it:

1.     shall not be offered or received against Newbridge as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by Newbridge with respect to the truth of any fact alleged by plaintiffs or the validity of any

claim that had been or could have been asserted against Newbridge in the action or in any litigation, or of any liability, negligence, fault or wrongdoing of Newbridge;

2.      shall not be offered or received against Newbridge as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Newbridge;

3.      shall not be offered or received against Newbridge as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Settlement Agreement, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Settlement is approved by the Court, Newbridge may refer to it to effectuate the liability protection granted them hereunder;

4.      shall not be construed against Newbridge as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

5.      shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiff or other Class Members or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement amounts.

K.      BAR ORDER:  Plaintiff shall request that the Final Judgment in this Action include a bar order provision in conformance with the common law of the U.S. Court of Appeals for the Eleventh Circuit that bars, enjoins and restrains, in any and all jurisdictions, including any

federal or state court, and any other court arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, to the maximum extent permitted by law, the commencement, prosecution, or assertion of all claims, cross-claims, counterclaims, and third-party claims or actions that are based on the Released Claims - whether arising under state, federal or foreign law, claims for contribution, indemnification, or equitable indemnification against any Released Party, or any successor or assign, that are asserted by any person. But this Settlement shall remain binding even if the Court does not agree to the entry of a bar order.

L.      The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Stipulation.

M.      This Stipulation shall be deemed to have been executed upon the last date of execution by all of the undersigned.

N.      Each party participated jointly in the drafting of this Stipulation, and therefore the terms of the Stipulation and settlement are not intended to be construed against any party by virtue of draftsmanship or rules of contract construction.

O.      This Stipulation may be executed in counterparts, each of which shall constitute an original.

Q.      THE PARTIES HERETO FURTHER DECLARE AND REPRESENT THAT THEY HAVE CAREFULLY REVIEWED THIS SETTLEMENT AGREEMENT, INCLUDING THE RELEASES, IN ITS ENTIRETY, AND KNOW THE CONTENTS THEREOF, THAT THE PARTIES HERETO HAVE HAD THE BENEFIT OF THE ADVICE OF INDEPENDENT

-23-

COUNSEL OF THEIR OWN CHOOSING, AND THAT THEY HAVE EXECUTED THIS

SETTLEMENT AGREEMENT AS THEIR OWN FREE WILL AND ACT.


Dated: October 22, 2014                                    Dated: _____

By: _____          By: _____
    Lyle E. Shapiro (FBN: 0120324)              Dennis A. Nowak (FBN: 328979)
    lshapiro@richmangreer.com                   dnowak@rumberger.com
    Manuel A. Garcia-Linares (FBN:              RUMBERGER, KIRK & CALDWELL,
    0985252)                                    P.A.
    mlinares@richmangreer.com                   80 SW 8th Street
    Eric M. Sodhi (FBN: 0583871)                Suite 3000
    esodhi@richmangreer.com                     Miami, Florida 33130
    Joshua L. Spoont (FBN: 053263)              Telephone: (305) 358-5577
    jspoont@richmangreer.com                    Facsimile: (305) 371-7580
    RICHMAN GREER, P.A.
    396 Alhambra Circle                         Gregg J. Breitbart, Esq. (FBN. 843415)
    North Tower, 14th Floor                     gbreitbart@kdvlaw.com
    Miami, Florida 33134                        KAUFMAN DOLOWICH & VOLUCK,
    Telephone: (305) 373-4000                   LLP
    Facsimile: (305) 373-4099                   One Boca Place
                                                2255 Glades Rd., Suite 300E
    Sara Hanley (FBN:                           Boca Raton, Florida 33431
    107508)Sara_hanley@placeandhanley.com       Telephone: (561) 910-5650
    Randall C. Place (FBN: 229090)              Facsimile: (888) 464-7982
    Randall_place@placeandhanley.com
    Place and Hanley LLC                        Attorneys for Defendant Newbridge
    1415 Panther Lane Ste 207                   Securities Corporation
    Naples, FL 34109
    Telephone: (239)455-1242
    Facsimile: (888)-876-6450

| Darren Blum (FBN: 87173)<br>blum@stockattorneys.com<br>110 E. Broward Blvd.<br>Suite 1700<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 255-8181<br>Facsimile: (954) 206-1717<br><br>**Attorneys for Ursula Finkel, on her own behalf and on behalf of those similarly situated.** | |

## CERTIFICATE OF SERVICE

I HEREBY certify that on October 22, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  _____/s_____
Lyle E. Shapiro

**SERVICE LIST**
Ursula Finkel vs. Newbridge Securities Corporation
Case No.  13-60384-CIV-COHN-SELTZER
United States District Court, Southern District of Florida

| | |
|---|---|
| Lyle E. Shapiro<br>lshapiro@richmangreer.com<br>Manuel A. Garcia-Linares<br>mlinares@richmangreer.com<br>Eric M. Sodhi<br>esodhi@richmangreer.com<br>Joshua L. Spoont<br>jspoont@richmangreer.com<br>RICHMAN GREER, P.A.<br>396 Alhambra Circle, North Tower, 14th Floor<br>Miami, FL 33134<br>*Attorneys for Plaintiffs* | Sara Hanley, Esq.<br>Randall C. Place, Esq.<br>Place and Hanley, LLC<br>1415 Panther Lane Ste 207<br>Naples, FL 34109<br>Sara_hanley@placeandhanley.com<br>randall_place@placeandhanley.com<br>*Attorneys for Plaintiffs* |
| Darren Blum, Esq.<br>Blum Law Group<br>110 E. Broward Blvd.<br>Suite 1700<br>Ft. Lauderdale, FL 33301<br>blum@stockattorneys.com<br>*Attorneys for Plaintiffs* | Gregg J. Breitbart, Esq.<br>Kaufman Dolowich Voluck & Gonzo LLP<br>One Boca Place<br>2255 Glades Rd., Suite 300E<br>Boca Raton, Florida<br>33431gbreitbart@kdvglaw.com<br>*Attorneys for Defendant* |
| Dennis A. Nowak, Esq.<br>Rumberger, Kirk & Caldwell, P.A.<br>Brickell Biscayne Centre<br>Suite 3000<br>80 S.W. 8th Street<br>Miami, FL 33130<br>dnowak@rumberger.com<br>*Attorneys for Defendant* | |

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 13-60384-CIV-COHN-SELTZER

URSULA FINKEL, on her own behalf
and on behalf of those similarly situated,

     Plaintiff,

v.                                           **CLASS ACTION**

NEWBRIDGE SECURITIES
CORPORATION,

     Defendant.

_____/

## If you are or were a customer of Newbridge Securities Corporation ("Newbridge"), and were charged a transactional "handling fee" by Newbridge any time between June 1, 2008 and January 22, 2013, <u>you may be entitled to a cash refund and other benefits from a class action settlement.</u>

*A court authorized this notice. This is not a solicitation from a lawyer.*

This Notice advises you of a proposed class action settlement. You should read this Notice carefully because your legal rights are affected whether you act or not. The settlement resolves a lawsuit wherein:

- A former customer of Newbridge, Ursula Finkel, has sued Newbridge, alleging that the handling fees Newbridge charged on fee-eligible transactions were unreasonable and exceeded Newbridge's direct and actual costs in processing those transactions.

- The Court has allowed the lawsuit to be a class action on behalf of all current and former customers of Newbridge who were charged a "handling fee" by Newbridge:

  o any time between June 1, 2008 and January 22, 2013, <u>if</u> the customer executed Newbridge's main customer agreement on or after June 1, 2008; and/or



-1-

    o  any time between December 26, 2009 through January 22, 2013 (regardless of the customer agreement the customer signed).

- You have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS WITH REGARD TO THE SETTLEMENT | |
|---|---|
| **DO NOTHING** | **Stay in this lawsuit. Receive a cash refund and entitlement to discounts on future trades with Newbridge.**<br><br>**But, you give up any rights to sue Newbridge separately about the same legal claims in this lawsuit.** |
| **ASK TO BE EXCLUDED** | **Get out of this lawsuit and the Settlement. Get no benefits from them. But, you keep any rights to sue Newbridge separately about the same legal claims in this lawsuit.** |
| **OBJECT OR COMMENT** | **Write the Court about why you do, or do not, like the settlement** |

- Your rights and options – **and the deadlines to exercise them** - are explained in this Notice. To ask to be excluded from the lawsuit and/or to object to the settlement, you must act before _____ .

### 1.   What is this Notice and why is it important?

The Court sent you this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows.

This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

### 2.   Why did I get this notice?

Records obtained from Newbridge and its clearing house, COR Clearing, LLC ("COR") show that you may have been charged a "handling fee" on one or more fee-eligible trades between

QUESTIONS? VISIT WWW.NEWBRIDGECLASSACTION.COM

June 1, 2008 and January 22, 2013 (the "Class Period"). This notice explains that the Court has allowed, or "certified," a class action lawsuit and the parties have entered into a settlement that may affect you. You have legal rights and options that you may exercise before the Court approves the settlement.     Judge James I. Cohn of the United States District Court for the Southern District of Florida is overseeing this class action. The lawsuit is known as *Finkel v. Newbridge Securities Cop.*, Civil Action No. 0:13-cv-60384-JIC.

## 3.   What is this lawsuit about?

This lawsuit is about whether the per-transaction "handling fee" that Newbridge charged its customers on fee-eligible trades was excessive (as the Plaintiff contends) or reasonable (as Newbridge contends).

## 4.   What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" (in this case Ursula Finkel) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." Ms. Finkel – and all the Class Members like her – are called the Plaintiffs. The company they sued (in this case, Newbridge) is called the Defendant. One court resolves the issues for everyone in the Class – except for those people who choose to exclude themselves from the Class.

## 5.   Why is this lawsuit a class action?

The Court decided that this lawsuit can be a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts.  Specifically, the Court found that:

- There are thousands of customers to whom Newbridge charged a handling fee during the Class Period;
- There are legal questions and facts that are common to each of them;
- Ursula Finkel's claims are typical of the claims of the rest of the Class;
- Ursula Finkel and the lawyers representing the Class will fairly and adequately represent the Class' interests;
- The common legal questions and facts are more important than questions that affect only individuals; and
- This class action will be more efficient than having many individual lawsuits.

## THE CLAIMS IN THE LAWSUIT

## 6.   What does the lawsuit complain about?

In the lawsuit, the Plaintiff says that Newbridge had a legal duty as well as a contractual duty not to charge excessive and unreasonable "handling fees."  Plaintiff also alleges that Newbridge breached those duties by charging "handling fees" that exceeded Newbridge's direct and actual

costs in handling or processing its customers' transactions.  Specifically, Plaintiff alleges that Newbridge's actual handling or processing costs were $8.50 - $10.00 per transaction, but that Newbridge charged its customers a "handling fee" of up to $59.95 per transaction during the Class Period.

### 7.  How does Newbridge answer?

Newbridge denies that it did anything wrong and says that its "handling fees" were neither excessive nor unreasonable.

### 8.  Why is there a settlement?

The Court did not decide who was right. Instead, both sides agreed to a settlement. By agreeing to a settlement, the Parties avoid the costs and risk of a trial and the Class will get compensation. The Class Representative and her attorneys believe that the settlement is in the best interest of the Class Members.

## WHO IS IN THE CLASS

### 9.  Who are the Class Members?

Judge Cohn decided that all customers of Newbridge who were charged a "handling fee" by Newbridge between December 26, 2009 and January 22, 2013 are Class Members. Judge Cohn also decided that all customers of Newbridge who executed a customer agreement with Newbridge after June 1, 2008 and who were charged a "handling fee" anytime between June 1, 2008 and January 22, 2013 are also Class Members.  If you fit into either (or both) of these two categories of customers, you are part of this Class. You have been provided this Notice because records produced in the lawsuit indicate that you may be a Class Member.

### 10.  Are there any customers not included in the Class?

Yes.  Certain customers in the States of Connecticut and Arkansas may have been reimbursed for those "handling fees."  At this time, the parties do not know whether all the customers in those States were reimbursed in full, or whether they may have been partially reimbursed.  If you were reimbursed in full, you would not be a member of this Class, even if you fit the definition of a Class Member as set forth in the answer to question 9, above.  If you were not reimbursed, or were only partially reimbursed, you would still be a Class Member.

Further excluded from the Class are Newbridge, its parents, subsidiaries, affiliates, officers and directors; any entity in which Newbridge has a controlling interest; all customers who make a timely selection to be excluded; governmental entities; all judges assigned to hear any aspect of this lawsuit, as well as their immediate family members; and any of the foregoing's legal heirs and assigns.

-4-

QUESTIONS? VISIT WWW.NEWBRIDGECLASSACTION.COM

## YOUR RIGHTS AND OPTIONS

You have to decide whether to stay in the Class and be bound by the settlement or ask to be excluded from the Class and retain your rights to sue Newbridge separately about the same legal claims in this lawsuit. You have to decide this now.

### 11. What happens if I do nothing at all?

You don't have to do anything now if you want to keep the possibility of getting money and benefits from this lawsuit and settlement. By doing nothing you are staying in the Class and will be bound by the settlement. If you stay in and the Court approves the settlement, you will automatically be entitled to the money and benefits of the settlement. Keep in mind that if you do nothing now, you will not be able to sue, or continue to sue, Newbridge – as part of any other lawsuit – about the same legal claims that are the subject of this lawsuit. This means that if you do nothing, you will not be able to sue Newbridge on your own for "handling fees" that you were charged from June 1, 2008 to January 22, 2013. You will also be legally bound by the settlement agreement, all of the Orders the Court issues, and judgments the Court makes in this class action.

### 12. Can I exclude myself from the Class and the settlement

Yes. You have the right not to be part of the lawsuit by excluding yourself or "opting out" of the Class. If you exclude yourself from the Class – which also means to remove yourself from the Class, and is sometimes called "opting-out" of the Class – you won't get any money or benefits from this lawsuit or the settlement. However, you may then be able to sue or continue to sue Newbridge for its "handling fees" that you were charged at any time. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action.

### 13. How do I ask the Court to exclude me from the Class and the settlement?

To ask to be excluded, you must send an "Exclusion Request" in the form of a letter sent by mail, stating that you want to be excluded from *Finkel v. Newbridge*; Civil Action No. 0:13-cv-60384-JIC. Be sure to include your name, address and telephone number and sign the letter. If you do not include the required information or submit your request for exclusion on time, you will remain a Class Member and be bound by the settlement and Final Judgment and Order. **You must mail your Exclusion Request postmarked by _____, to the Newbridge Class Action Settlement Administrator: First Class, Inc., Newbridge Class Action Administration**, 5410 W Roosevelt Rd, Ste 222, Chicago, IL 60644-1479. You may also download an Exclusion Request form at the website, www.newbridgeclassaction.com.

### 14. I wish to object to the settlement. What do I do?

QUESTIONS? VISIT WWW.NEWBRIDGECLASSACTION.COM

If there is something about the settlement that you do not like, you may file an objection with the Court. You will still be in the settlement, remain a Class Member, and will receive benefits if the settlement is approved. Even if you object, you should submit an Exclusion Form if you want to be excluded from the lawsuit and the settlement.

If you want to object, you must submit your objection in writing to the Court. Your objection must include:

> (1) Your name, address, and telephone number;
> (2) Your signature;
> (3) The reasons why you object;
> (4) The case name and number of this lawsuit, which is *Finkel v. Newbridge Securities Cop.*, Civil Action No. 0:13-cv-60384-JIC; and
> (5) If you are represented by a lawyer, the name, address and telephone number of that lawyer.

**You must file your written objection with the Court no later than _____, 2014,** at the Clerk of the Court, United States District Court Southern District of Florida – Ft. Lauderdale Division, 299 East Broward Boulevard, Room 108, Fort Lauderdale, Florida 33301. You **must** also send a copy of your objection to Class Counsel and Newbridge's Counsel at:

| Counsel for Plaintiff: | Counsel for Defendant |
|---|---|
| Lyle E. Shapiro, Esq. | Dennis A. Nowak, Esq. |
| RICHMAN GREER, P.A. | RUMBERGER, KIRK & CALDWELL, P.A. |
| 396 Alhambra Circle | 80 SW 8th Street |
| North Tower, 14th Floor | Suite 3000 |
| Miami, FL 33134 | Miami, Florida 33130 |
| Telephone: 305.373.4000 | Telephone: 305.358.5577 |
| Facsimile: 305.373.4099 | Facsimile: 305.371.7580 |
| www.richmangreer.com | www.rumberger.com |

**All objections must be received by the attorneys for the parties and by the Court by _____, or your objection will not be considered.**

## 15. What cash payments does the settlement provide?

Newbridge has agreed to create a settlement fund of $850,000. This fund will first be used to pay the costs to notify the Class about this lawsuit and the settlement, the costs to administer the settlement, a class representative incentive award, and payment of attorneys representing the Class and related litigation expenses. The remainder of the settlement fund will be used to make cash payments to Class Members in the amount of their pro rata percentage share of the remainder of the settlement fund. An Individual Class Member's pro rata percentage share shall

-6-

be calculated by dividing the Class Member's individual damages by the aggregate of the Class Members' damages.

Cash payments will be made if the Court gives its final approval to the proposed settlement and after final approval is no longer subject to appeal.

A Settlement Hearing is scheduled for _____ 201_. If the Court approves the settlement and there are no appeals, the cash will be distributed approximately 120 days after the Settlement Hearing. If the Court does not approve the settlement, or if the settlement is overturned on appeal, no cash payment will be made.

### 16. What other benefits does the settlement provide for?

In addition to the cash payment, the settlement requires Newbridge to provide a $20.00 discount on the "Firm Commission" (currently $29.95 per transaction) for each Firm Commission-eligible trade made by a Class Member for a period of thirty-six (36) consecutive months. This discount will automatically be applied when trades are effectuated during the thirty-six (36) month period.

## YOUR REPRESENTATIVES

### 17. Who is representing me and do I have a lawyer in this case?

The Court appointed the Plaintiff who brought this lawsuit as the Class representative. The Court decided that the law firms of Richman Greer, P.A., of Miami, FL, and Blum Law Group, of Fort Lauderdale, FL, and Place and Hanley, LLC, of Naples, FL are qualified to represent you and all Class Members. Together the law firms are called "Class Counsel." They are experienced in handling class actions and claims against securities broker-dealers. The Plaintiff and Class Counsel will act as your representatives for this settlement if you do not exclude yourself from the Class. More information about Class Counsel, their practices, and their lawyers' experience and their contact information is available at www.richmangreer.com, www.stockattorneys.com, and www.placeandhanley.com.

### 18. Do I have to pay money to participate in the Class?

No. You will not be responsible for any cost or attorneys' fees incurred in this lawsuit. If the Court approves the proposed settlement, Class Counsel will request that the Court award attorneys' fees in an amount not to exceed 30% of the $850,000 settlement fund ("Initial Attorneys' Fee"), and attorneys' fees in an amount not to exceed 30% of the value of the $20.00 Firm Commission discounts applied to Class Member trades ("Supplemental Attorneys' Fee"), plus reimbursement of reasonable litigation expenses. Newbridge has agreed to pay any Supplemental Attorneys' Fee awarded by the Court to Class Counsel directly. Any Supplemental Attorneys' Fee awards will not come out of the $850,000 settlement fund.

The Plaintiff will also ask the Court for an incentive award not to exceed $15,000, for her time and effort acting as the class representative and her willingness to bring this litigation and act on behalf of other Class Members.

**19. When and where will the Court decide whether to approve the settlement?**

The Court has scheduled a Settlement Hearing at _____ on _____ in the United States District Court Southern District of Florida – Fort Lauderdale Division, 299 East Broward Boulevard, Room 203, Fort Lauderdale, Florida 33301 in the Hon. Judge James I. Cohn's Courtroom. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are any objections, the Court will consider them. The Court may also decide how much to pay the attorneys for the Class. After the hearing, the Court will decide whether to grant final approval of the settlement. We do not know how long these decisions will take.

## GETTING MORE INFORMATION

**20. Are there more details available?**

Visit the website, www.newbridgeclassaction.com, where you will find the written Stipulation and Settlement , Exclusion Request form, the Class Notice, and other information. Additionally, complete copies of the pleadings and other documents filed in this litigation may be examined and copied during regular office hours of the Clerk of the Court, United States District Court Southern District of Florida – Ft. Lauderdale Division, 299 East Broward Boulevard, Room 108, Fort Lauderdale, Florida 33301. You may also speak to one of the lawyers by calling 1-866-445-8925, or by writing to: First Class, Inc. / J12661-Finkel, 5410 W. Roosevelt Rd., Ste 222, Chicago, IL 60644-1490.

QUESTIONS? VISIT WWW.NEWBRIDGECLASSACTION.COM

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## FT. LAUDERDALE DIVISION

### CASE NO. 13-CV-60384-COHN-SELTZER

URSULA FINKEL, on her own behalf and
on behalf of those similarly situated,

       Plaintiff,

vs.

NEWBRIDGE SECURITIES CORPORATION,

       Defendant.

_____/

### [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, PROVIDING FOR NOTICE AND SCHEDULING ORDER



EXHIBIT

B

WHEREAS, Plaintiff[1] Urusla Finkel ("Plaintiff" or "Finkel") in this action entitled *Finkel v. Newbridge Securities Corp.*, No. 13-CV-60384 (S.D. Fla.) (the "Litigation") and Newbridge Securities Corporation ("Defendant" or "Newbridge") have entered into a Stipulation of Settlement, filed October__, 2014 (the "Stipulation"), after lengthy arms-length settlement discussions;

AND, WHEREAS, the Court has received and considered the Stipulation, including the accompanying exhibits;

AND, WHEREAS, the Parties have made an application, pursuant to Federal Rules of Civil Procedure, Rule 23(e), for an order preliminarily approving the settlement of this Litigation, and for its dismissal with prejudice upon the terms and conditions set forth in the Stipulation;

AND, WHEREAS, the Court has reviewed the Parties' application for such order, and has found good cause for same.

NOW, THEREFORE, IT IS HEREBY
ORDERED:

**A.      The Stipulation Is Preliminarily Approved and Final Approval
         Schedule Set**

1.       The Court hereby preliminarily approves the Stipulation and the terms and conditions of settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.       The Court has conducted a preliminary assessment of the fairness,

---

[1] All defined terms contained herein shall have the same meanings as set forth in the Stipulation of Settlement ("Stipulation").

reasonableness, and adequacy of the Stipulation, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed settlement as set forth in the Stipulation.

3.      Pursuant to of the Federal Rules of Civil Procedure, Rule 23(e), the Court will hold a final approval hearing (the "Settlement Hearing") on _____, 201___, at __ a.m./p.m., in the Courtroom of the Honorable James I. Cohn, United States District Court for the Southern District of Florida, 299 East Broward Boulevard, Room 203, Fort Lauderdale, Florida 33301, for the following purposes:

(a)      determining whether the proposed settlement of the Litigation on the terms and conditions provided for in the Agreement is fair, reasonable and adequate and should be approved by the Court;

(b)      considering the application of Class Counsel for a Fee and Expense Award as provided for under the Stipulation;

(c)      considering the application of Plaintiff for an incentive award for serving as class representative, as provided for under the Stipulation;

(d)      considering whether the Court should enter the [Proposed] Judgment, Final Order and Decree; and

(e)      ruling upon such other matters as the Court may deem just and appropriate.

4.      The Parties may further modify the Stipulation prior to the Settlement Hearing so long as such modifications do not materially change the terms of the settlement provided thereunder. The Court may approve the Stipulation with such

modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

5.     Class members must file and serve any objections to the proposed settlement no later than 21 days prior to the Settlement Hearing, including any memorandum and/or submissions in support of said objection, which deadline will be set forth in the Class Notice.

6.     All papers in support of the Settlement and any application for a Fee and Expense Award and/or class representative incentive awards must be filed with the Court and served at least seven days prior to the Settlement Hearing.

**B.     The Court Approves the Form and Method of Class Notice**

7.     The Court approves, as to form and content, the proposed Notice of Class Action Settlement Notice (the "Class Notice"), which is Exhibit A to this Order.

8.     The Court finds that the distribution of Class Notice substantially in the manner and set forth in the Stipulation of Settlement meet the requirements of Federal Rules of Civil Procedure, Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

9.     The Court approves the designation of First Class, Inc.to serve as the Court-appointed Class Action Settlement Administrator for the settlement. The Class Action Settlement Administrator shall disseminate Class Notice and supervise and carry out the notice procedure, and other administrative functions, and shall respond to Class member inquiries, as set forth in the Stipulation and this Order under the direction

and supervision of the Court.

10.     The Court directs the Class Action Settlement Administrator to establish a Settlement Website, making available copies of this Order, Class Notice, Exclusion Request forms, the Stipulation and all Exhibits thereto, frequently asked questions, a toll-free hotline, and such other information as may be of assistance to Class members or required under the Stipulation.

11.     The Class Action Settlement Administrator is ordered to provide Class Notice no later than 60 days before the Settlement Hearing (the "Notice Date").

12.     The costs of the Class Notice, processing of claims, creating and maintaining the Settlement Website, and all other Class Action Settlement Administrator and Class Notice expenses shall be paid from the Settlement Fund in accordance with the applicable provisions of the Stipulation.

### C.     Procedure for Class Members to Participate in the Settlement

13.     All Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

14.     Any Class member may enter an appearance in the Litigation, at his or her own expense, individually or through counsel. All Class members who do not enter an appearance will be represented by Class Counsel.

### D.     Procedure for Requesting Exclusion from the Class

15.     Any Person falling within the definition of the Class may, upon his or her request, be excluded from the Class. Any such Person must submit a completed request for exclusion to the Class Action Settlement Administrator postmarked or

delivered no later than 21 days before the Settlement Hearing (the "Opt-Out and Objection Deadline"), as set forth in the Class Notice. Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed to be void. All requests for exclusion must include the name, address and telephone number of the person requesting exclusion.

16.     Any Class member who does not send a completed, signed request for exclusion to the Clerk of the Court postmarked or delivered on or before the Opt-Out and Objection Deadline will be deemed to be a Settlement Class Member for all purposes and will be bound by all further orders of the Court in this Litigation and by the terms of the settlement, if finally approved by the Court. The written request for exclusion must request exclusion from the Class, must be signed by the potential Settlement Class Member. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Stipulation shall have no rights under the Stipulation and shall not be bound by the Stipulation or the Final Judgment and Order.

17.     A list reflecting all requests for exclusions shall be filed with the Court by Plaintiff at or before the Settlement Hearing.

**E.     Procedure for Objecting to the Settlement**

18.     Any Class member who desires to object either to the settlement, Fee and Expense Award, or class representative incentive awards must timely file with the Clerk of this Court and timely serve on the Parties' counsel by hand or first-class mail a notice of the objection(s) and the grounds for such objections, together with all papers that the Class member desires to submit to the Court no later than 21 days prior to the Settlement Hearing. The Court will consider such objection(s) and papers

only if such papers are received on or before the Opt-Out and Objection Deadline provided in the Class Notice, by the Clerk of the Court and by Plaintiff's Counsel and Newbridge's counsel. Such papers must be sent to each of the following persons:

| Counsel for Plaintiff: | Counsel for Defendant |
|---|---|
| Lyle E. Shapiro, Esq. | Dennis A. Nowak, Esq. |
| RICHMAN GREER, P.A. | RUMBERGER KIRK & |
| 396 Alhambra Circle | CALDWELL, et al. |
| North Tower, 14th Floor | 80 SW 8th Street, #3000 |
| Miami, FL 33134 | Miami, FL 33130 |
| Telephone: 305.373.4000 | Telephone: 305.358.5577 |
| Facsimile: 305.373.4099 | Facsimile: 305.371.7580 |
| www.richmangreer.com | www.rumberger.com |

19.     All objections must include the name, address, and telephone number of the Person submitting the objection, and the submitting Person's signature. [All objections must also include a reference to *Finkel v. Newbridge Securities Corp.*, No. 13-CV-60384 (S.D. Fla.)]. Each Person submitting an objection must state whether he or she (or his or her attorney) intends to appear at the Settlement Hearing.

20.     All objections must be filed with the Clerk and served on the Parties' counsel as set forth above no later than Opt-Out and Objection Deadline. Objections received after the Opt-Out and Objection Deadline will not be considered at the Settlement Hearing.

21.     Attendance at the Settlement Hearing is not necessary; however, any Class member wishing to be heard orally with respect to approval of the settlement, the application for the Fee and Expense Award, or the application for class representative incentive award, are required to provide written notice of their intention to appear at the Settlement Hearing no later than the Opt-Out and Objection

Deadline as set forth in the Class Notice. Class members who do not oppose the settlement, the applications for the Fee and Expense Award, or class representative incentive awards need not take any action to indicate their approval. A Person's failure to submit a written objection in accordance with the Opt-Out and Objection Deadline and the procedure set forth in the Class Notice waives any right the Person may have to object to the settlement, Fee and Expense Award, or class representative incentive awards, or to appeal or seek other review of the Final Judgment and Order.

22.     Any person who fails to object in the manner prescribed above shall be deemed to have waived any objections and shall be forever barred from raising any objections in this action and will be bound by the Settlement and any Final Order and Judgment in the Litigation.

23.     The Court reserves the right to adjourn the Final Approval Hearing, including consideration of the application for attorneys' fees and costs and Plaintiffs' counsel's application for a stipend payable to Plaintiffs for having served as representatives of the Class, without further notice other than by announcement at the Final Approval Hearing or any adjournment thereof.

24.     If the Settlement is approved by the Court following the Final Approval Hearing, an Order and Final Judgment shall be entered as described in the Settlement Agreement.

25.     If the Settlement is not approved by the Court or it is terminated or shall not become effective for any reason whatsoever, the action shall proceed, completely without prejudice to any party as to any matter or fact, as if the Settlement had not been made and had not been submitted to the Court, and neither the

Settlement nor any provision contained in the Settlement Agreement nor any action undertaken pursuant thereto nor the negotiation thereof by any party shall be deemed an admission or offered or received in evidence at any proceeding in the Litigation or any other proceeding.[2]

27.      Neither the Settlement Agreement, nor any of its respective terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Plaintiff of any lack of merit to the claims asserted in the Litigation, or by Defendant of the truth of any of the allegations in the Litigation.

IT IS SO ORDERED.

DATED: _____          _____
                                      THE HONORABLE JAMES COHN
                                      UNITED STATES DISTRICT JUDGE

---

[2] So, in the event the Court does not finally approve the Settlement, the Settlement Agreement shall not become effective and shall be void *nunc pro tunc*, and the parties shall resume the litigation posture they were in as of September 24, 2014.