UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60384-CIV-COHN/SELTZER

URSULA FINKEL, on her own behalf and on
behalf of those similarly situated,

    Plaintiff,

v.

NEWBRIDGE SECURITIES CORPORATION,

    Defendant.
_____/

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

**THIS CAUSE** is before the Court upon the parties' Joint Motion for Preliminary Approval of Class Action Settlement [DE 156] ("Joint Motion"). The Court has reviewed the Joint Motion and the record in this case, and is otherwise advised in the premises. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Stipulation of Settlement [DE 155 at 5] ("Stipulation")[1] and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed settlement as set forth in the Stipulation, subject to further consideration at the Settlement Hearing described below.

---

[1] All defined terms contained herein shall have the same meanings as set forth in the Stipulation.

2. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a final approval hearing (the "Settlement Hearing") on April 2, 2015, at 9:00 a.m., in the Courtroom of the Honorable James I. Cohn, United States District Court for the Southern District of Florida, 299 East Broward Boulevard, Room 203E, Fort Lauderdale, Florida, for the following purposes:

   a. determining whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be finally approved by the Court;

   b. considering the application of Class Counsel for a Fee and Expense Award as set forth in the Stipulation;

   c. considering the application of Plaintiff for an incentive award for serving as class representative, as set forth in the Stipulation; and

   d. ruling upon such other matters as the Court may deem just and appropriate.

3. The Parties may further modify the Stipulation prior to the Settlement Hearing so long as such modifications do not materially change the terms of the settlement set forth thereunder. The Court may approve the Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

4. Class Members must file and serve any objections to the proposed settlement no later than 21 days prior to the Settlement Hearing, including any memoranda and submissions in support of said objections, which deadline will be set forth in the Class Notice.

5. All papers in support of the settlement and any application for a Fee and Expense Award or class representative incentive award must be filed with the Court and served at least seven days prior to the Settlement Hearing.

6. The Court approves, as to form and content, the proposed Class Action Settlement Notice (the "Class Notice"), attached as Exhibit A to this Order.

7. The Court finds that the distribution of Class Notice substantially in the manner set forth in the Stipulation satisfies the requirements of Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

8. The Court approves the designation of First Class, Inc. to serve as the Court-appointed Class Action Settlement Administrator. The Class Action Settlement Administrator shall disseminate Class Notice and supervise and carry out the notice procedure, and other administrative functions, and shall respond to Class Member inquiries as set forth in the Stipulation and this Order under the direction and supervision of the Court.

9. The Court directs the Class Action Settlement Administrator to establish a Settlement Website, making available copies of this Order, Class Notice, Exclusion Request forms, the Stipulation and all Exhibits thereto, frequently asked questions, a toll-free hotline, and such other information as may be of assistance to Class Members or required under the Stipulation.

10. The Class Action Settlement Administrator is ordered to provide Class Notice no later than 60 days before the Settlement Hearing (the "Notice Date").

11. The costs of the Class Notice, processing of claims, creating and maintaining the Settlement Website, and all other Class Action Settlement Administrator and Class Notice expenses shall be paid from the Settlement Fund in accordance with the applicable provisions of the Stipulation.

12. All Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

13. Any Class Member may enter an appearance in the Litigation, at his or her own expense, individually or through counsel. All Class Members who do not enter an appearance will be represented by Class Counsel.

14. Any Person falling within the definition of the Class may, upon his or her request, be excluded from the Class. Any such Person must submit a completed request for exclusion to the Class Action Settlement Administrator postmarked or delivered no later than 21 days before the Settlement Hearing (the "Opt-Out and Objection Deadline"), as set forth in the Class Notice. Requests for exclusion purportedly filed on behalf of groups of Persons are prohibited and will be deemed to be void. All requests for exclusion must include the name, address, and telephone number of the Person requesting exclusion.

15. Any Class Member who does not send a completed, signed request for exclusion to the Clerk of the Court postmarked or delivered on or before the Opt-Out and Objection Deadline will be deemed to be a Settlement Class Member for all purposes and will be bound by all further orders of the Court in this Litigation and by the terms of the settlement, if finally approved by the Court. The written

request for exclusion must request exclusion from the Class, and must be signed by the potential Settlement Class Member. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Stipulation shall have no rights under the Stipulation and shall not be bound by the Stipulation or any eventual Final Judgment herein.

16. A list reflecting all requests for exclusions shall be filed with the Court by Plaintiff at or before the Settlement Hearing.

17. Any Class Member who desires to object to the settlement, the Fee and Expense Award, or the class representative incentive award must timely file with the Clerk of Court and timely serve on the Parties' counsel by hand or first-class mail a notice of the objections and the grounds for such objections, together with all papers that the Class Member desires to submit to the Court, no later than 21 days prior to the Settlement Hearing. The Court will consider such objections and papers only if such papers are received on or before the Opt-Out and Objection Deadline provided in the Class Notice, by the Clerk of the Court, and by Plaintiff's Counsel and Newbridge's counsel. Such papers must be sent to each of the following persons:

| Counsel for Plaintiff: | Counsel for Defendant: |
|---|---|
| Lyle E. Shapiro, Esq.<br>RICHMAN GREER, P.A.<br>396 Alhambra Circle<br>North Tower, 14th Floor<br>Miami, FL 33134<br>Telephone: 305.373.4000<br>Facsimile: 305.373.4099<br>www.richmangreer.com | Dennis A. Nowak, Esq.<br>RUMBERGER KIRK & CALDWELL<br>80 SW 8th Street, #3000<br>Miami, FL 33130<br>Telephone: 305.358.5577<br>Facsimile: 305.371.7580<br>www.rumberger.com |

18. All objections must include the name, address, and telephone number of the Person submitting the objection, and the submitting Person's signature. All objections must also include a reference to <u>Finkel v. Newbridge Securities Corp.</u>, No. 13-CV-60384 (S.D. Fla.). Each Person submitting an objection must state whether he or she (or his or her attorney) intends to appear at the Settlement Hearing.

19. All objections must be filed with the Clerk of Court and served on the Parties' counsel as set forth above no later than Opt-Out and Objection Deadline. Objections received after the Opt-Out and Objection Deadline will not be considered at the Settlement Hearing.

20. Attendance at the Settlement Hearing by each Class Member is not necessary; however, any Class Member wishing to be heard orally with respect to approval of the settlement, the Fee and Expense Award, or the class representative incentive award is required to provide written notice of his intention to appear at the Settlement Hearing no later than the Opt-Out and Objection Deadline as set forth in the Class Notice. Class Members who do not oppose the settlement, the Fee and Expense Award, or the class representative incentive award need not take any action to indicate their approval. A Person's failing to submit a written objection in accordance with the Opt-Out and Objection Deadline and the procedure set forth in the Class Notice waives any right he may have to object to the settlement, the Fee and Expense Award, or the class representative incentive award, or to appeal or seek other review of an eventual Final Judgment.

21. Any Person who fails to object in the manner prescribed above shall be deemed to have waived any objections and shall be forever barred from raising any objections in this action and will be bound by the settlement and any Final Judgment in the Litigation.

22. The Court reserves the right to adjourn the Settlement Hearing, including consideration of the applications for attorneys' fees and costs and the class incentive fee award, without further notice other than by announcement at the Settlement Hearing or any adjournment thereof.

23. If the settlement is approved by the Court following the Settlement Hearing, an appropriate Final Judgment will be entered accordingly.

24. If the settlement is not approved by the Court or is terminated or shall not become effective for any reason whatsoever, the action shall proceed, without prejudice to any party as to any matter or fact, as if the settlement had not been made and had not been submitted to the Court, and neither the settlement nor any provision contained in the Stipulation nor any action undertaken pursuant thereto nor the negotiation thereof by any party shall be deemed an admission or offered or received in evidence at any proceeding in the Litigation or any other proceeding.[2]

25. Neither the Stipulation, nor any of its respective terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Plaintiff of any lack of merit to the claims asserted in

---

[2] In the event the Court does not finally approve the settlement, the Stipulation shall not become effective and shall be void *nunc pro tunc*, and the parties shall resume the litigation posture they were in as of September 24, 2014.

the Litigation, or by Defendant of the truth of any of the allegations in the Litigation.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of December, 2014.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-60384-CIV-COHN-SELTZER

URSULA FINKEL, on her own behalf
and on behalf of those similarly situated,

    Plaintiff,

v.                                                                   **CLASS ACTION**

NEWBRIDGE SECURITIES
CORPORATION,

    Defendant.
_____/

# If you are or were a customer of Newbridge Securities Corporation ("Newbridge"), and were charged a transactional "handling fee" by Newbridge any time between June 1, 2008 and January 22, 2013, <u>you may be entitled to a cash refund and other benefits from a class action settlement.</u>

*A court authorized this notice. This is not a solicitation from a lawyer.*

This Notice advises you of a proposed class action settlement. You should read this Notice carefully because your legal rights are affected whether you act or not. The settlement resolves a lawsuit wherein:

- A former customer of Newbridge, Ursula Finkel, has sued Newbridge, alleging that the handling fees Newbridge charged on fee-eligible transactions were unreasonable and exceeded Newbridge's direct and actual costs in processing those transactions.

- The Court has allowed the lawsuit to be a class action on behalf of all current and former customers of Newbridge who were charged a "handling fee" by Newbridge:

    o any time between June 1, 2008 and January 22, 2013, <u>if</u> the customer executed Newbridge's main customer agreement on or after June 1, 2008; and/or



-1-

QUESTIONS? VISIT WWW.NEWBRIDGECLASSACTION.COM

- o any time between December 26, 2009 through January 22, 2013 (regardless of the customer agreement the customer signed).

- You have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS WITH REGARD TO THE SETTLEMENT ||
|---|---|
| **DO NOTHING** | Stay in this lawsuit. Receive a cash refund and entitlement to discounts on future trades with Newbridge.<br><br>But, you give up any rights to sue Newbridge separately about the same legal claims in this lawsuit. |
| **ASK TO BE EXCLUDED** | Get out of this lawsuit and the Settlement. Get no benefits from them. But, you keep any rights to sue Newbridge separately about the same legal claims in this lawsuit. |
| **OBJECT OR COMMENT** | Write the Court about why you do, or do not, like the settlement |

- Your rights and options – **and the deadlines to exercise them** - are explained in this Notice. To ask to be excluded from the lawsuit and/or to object to the settlement, you must act before _____.

### 1. What is this Notice and why is it important?

The Court sent you this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows.

This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

### 2. Why did I get this notice?

Records obtained from Newbridge and its clearing house, COR Clearing, LLC ("COR") show that you may have been charged a "handling fee" on one or more fee-eligible trades between

June 1, 2008 and January 22, 2013 (the "Class Period"). This notice explains that the Court has allowed, or "certified," a class action lawsuit and the parties have entered into a settlement that may affect you. You have legal rights and options that you may exercise before the Court approves the settlement. Judge James I. Cohn of the United States District Court for the Southern District of Florida is overseeing this class action. The lawsuit is known as *Finkel v. Newbridge Securities Cop.*, Civil Action No. 0:13-cv-60384-JIC.

### 3. What is this lawsuit about?

This lawsuit is about whether the per-transaction "handling fee" that Newbridge charged its customers on fee-eligible trades was excessive (as the Plaintiff contends) or reasonable (as Newbridge contends).

### 4. What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" (in this case Ursula Finkel) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." Ms. Finkel – and all the Class Members like her – are called the Plaintiffs. The company they sued (in this case, Newbridge) is called the Defendant. One court resolves the issues for everyone in the Class – except for those people who choose to exclude themselves from the Class.

### 5. Why is this lawsuit a class action?

The Court decided that this lawsuit can be a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court found that:

- There are thousands of customers to whom Newbridge charged a handling fee during the Class Period;
- There are legal questions and facts that are common to each of them;
- Ursula Finkel's claims are typical of the claims of the rest of the Class;
- Ursula Finkel and the lawyers representing the Class will fairly and adequately represent the Class' interests;
- The common legal questions and facts are more important than questions that affect only individuals; and
- This class action will be more efficient than having many individual lawsuits.

## THE CLAIMS IN THE LAWSUIT

### 6. What does the lawsuit complain about?

In the lawsuit, the Plaintiff says that Newbridge had a legal duty as well as a contractual duty not to charge excessive and unreasonable "handling fees." Plaintiff also alleges that Newbridge breached those duties by charging "handling fees" that exceeded Newbridge's direct and actual

-3-

costs in handling or processing its customers' transactions. Specifically, Plaintiff alleges that Newbridge's actual handling or processing costs were $8.50 - $10.00 per transaction, but that Newbridge charged its customers a "handling fee" of up to $59.95 per transaction during the Class Period.

### 7. How does Newbridge answer?

Newbridge denies that it did anything wrong and says that its "handling fees" were neither excessive nor unreasonable.

### 8. Why is there a settlement?

The Court did not decide who was right. Instead, both sides agreed to a settlement. By agreeing to a settlement, the Parties avoid the costs and risk of a trial and the Class will get compensation. The Class Representative and her attorneys believe that the settlement is in the best interest of the Class Members.

## WHO IS IN THE CLASS

### 9. Who are the Class Members?

Judge Cohn decided that all customers of Newbridge who were charged a "handling fee" by Newbridge between December 26, 2009 and January 22, 2013 are Class Members. Judge Cohn also decided that all customers of Newbridge who executed a customer agreement with Newbridge after June 1, 2008 and who were charged a "handling fee" anytime between June 1, 2008 and January 22, 2013 are also Class Members. If you fit into either (or both) of these two categories of customers, you are part of this Class. You have been provided this Notice because records produced in the lawsuit indicate that you may be a Class Member.

### 10. Are there any customers not included in the Class?

Yes. Certain customers in the States of Connecticut and Arkansas may have been reimbursed for those "handling fees." At this time, the parties do not know whether all the customers in those States were reimbursed in full, or whether they may have been partially reimbursed. If you were reimbursed in full, you would not be a member of this Class, even if you fit the definition of a Class Member as set forth in the answer to question 9, above. If you were not reimbursed, or were only partially reimbursed, you would still be a Class Member.

Further excluded from the Class are Newbridge, its parents, subsidiaries, affiliates, officers and directors; any entity in which Newbridge has a controlling interest; all customers who make a timely selection to be excluded; governmental entities; all judges assigned to hear any aspect of this lawsuit, as well as their immediate family members; and any of the foregoing's legal heirs and assigns.

## YOUR RIGHTS AND OPTIONS

You have to decide whether to stay in the Class and be bound by the settlement or ask to be excluded from the Class and retain your rights to sue Newbridge separately about the same legal claims in this lawsuit. You have to decide this now.

### 11. What happens if I do nothing at all?

You don't have to do anything now if you want to keep the possibility of getting money and benefits from this lawsuit and settlement. By doing nothing you are staying in the Class and will be bound by the settlement. If you stay in and the Court approves the settlement, you will automatically be entitled to the money and benefits of the settlement. Keep in mind that if you do nothing now, you will not be able to sue, or continue to sue, Newbridge – as part of any other lawsuit – about the same legal claims that are the subject of this lawsuit. This means that if you do nothing, you will not be able to sue Newbridge on your own for "handling fees" that you were charged from June 1, 2008 to January 22, 2013. You will also be legally bound by the settlement agreement, all of the Orders the Court issues, and judgments the Court makes in this class action.

### 12. Can I exclude myself from the Class and the settlement?

Yes. You have the right not to be part of the lawsuit by excluding yourself or "opting out" of the Class. If you exclude yourself from the Class – which also means to remove yourself from the Class, and is sometimes called "opting-out" of the Class – you won't get any money or benefits from this lawsuit or the settlement. However, you may then be able to sue or continue to sue Newbridge for its "handling fees" that you were charged at any time. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action.

### 13. How do I ask the Court to exclude me from the Class and the settlement?

To ask to be excluded, you must send an "Exclusion Request" in the form of a letter sent by mail, stating that you want to be excluded from *Finkel v. Newbridge*; Civil Action No. 0:13-cv-60384-JIC. Be sure to include your name, address and telephone number and sign the letter. If you do not include the required information or submit your request for exclusion on time, you will remain a Class Member and be bound by the settlement and Final Judgment and Order. **You must mail your Exclusion Request postmarked by _____**, to the Newbridge Class Action Settlement Administrator: First Class, Inc., Newbridge Class Action Administration, 5410 W Roosevelt Rd, Ste 222, Chicago, IL 60644-1479. You may also download an Exclusion Request form at the website, www.newbridgeclassaction.com.

### 14. I wish to object to the settlement. What do I do?

-5-

QUESTIONS? VISIT WWW.NEWBRIDGECLASSACTION.COM

If there is something about the settlement that you do not like, you may file an objection with the Court. You will still be in the settlement, remain a Class Member, and will receive benefits if the settlement is approved. Even if you object, you should submit an Exclusion Form if you want to be excluded from the lawsuit and the settlement.

If you want to object, you must submit your objection in writing to the Court. Your objection must include:

> (1) Your name, address, and telephone number;
> (2) Your signature;
> (3) The reasons why you object;
> (4) The case name and number of this lawsuit, which is *Finkel v. Newbridge Securities Cop.*, Civil Action No. 0:13-cv-60384-JIC; and
> (5) If you are represented by a lawyer, the name, address and telephone number of that lawyer.

**You must file your written objection with the Court no later than _____, 2014,** at the Clerk of the Court, United States District Court Southern District of Florida – Ft. Lauderdale Division, 299 East Broward Boulevard, Room 108, Fort Lauderdale, Florida 33301. You **must** also send a copy of your objection to Class Counsel and Newbridge's Counsel at:

| Counsel for Plaintiff: | Counsel for Defendant |
|---|---|
| Lyle E. Shapiro, Esq. | Dennis A. Nowak, Esq. |
| RICHMAN GREER, P.A. | RUMBERGER, KIRK & CALDWELL, P.A. |
| 396 Alhambra Circle | 80 SW 8th Street |
| North Tower, 14th Floor | Suite 3000 |
| Miami, FL 33134 | Miami, Florida 33130 |
| Telephone: 305.373.4000 | Telephone: 305.358.5577 |
| Facsimile: 305.373.4099 | Facsimile: 305.371.7580 |
| www.richmangreer.com | www.rumberger.com |

**All objections must be received by the attorneys for the parties and by the Court by _____, or your objection will not be considered.**

### 15. What cash payments does the settlement provide?

Newbridge has agreed to create a settlement fund of $850,000. This fund will first be used to pay the costs to notify the Class about this lawsuit and the settlement, the costs to administer the settlement, a class representative incentive award, and payment of attorneys representing the Class and related litigation expenses. The remainder of the settlement fund will be used to make cash payments to Class Members in the amount of their pro rata percentage share of the remainder of the settlement fund. An Individual Class Member's pro rata percentage share shall

-6-

be calculated by dividing the Class Member's individual damages by the aggregate of the Class Members' damages.

Cash payments will be made if the Court gives its final approval to the proposed settlement and after final approval is no longer subject to appeal.

A Settlement Hearing is scheduled for _____ 201_. If the Court approves the settlement and there are no appeals, the cash will be distributed approximately 120 days after the Settlement Hearing. If the Court does not approve the settlement, or if the settlement is overturned on appeal, no cash payment will be made.

### 16. What other benefits does the settlement provide for?

In addition to the cash payment, the settlement requires Newbridge to provide a $20.00 discount on the "Firm Commission" (currently $29.95 per transaction) for each Firm Commission-eligible trade made by a Class Member for a period of thirty-six (36) consecutive months. This discount will automatically be applied when trades are effectuated during the thirty-six (36) month period.

## YOUR REPRESENTATIVES

### 17. Who is representing me and do I have a lawyer in this case?

The Court appointed the Plaintiff who brought this lawsuit as the Class representative. The Court decided that the law firms of Richman Greer, P.A., of Miami, FL, and Blum Law Group, of Fort Lauderdale, FL, and Place and Hanley, LLC, of Naples, FL are qualified to represent you and all Class Members. Together the law firms are called "Class Counsel." They are experienced in handling class actions and claims against securities broker-dealers. The Plaintiff and Class Counsel will act as your representatives for this settlement if you do not exclude yourself from the Class. More information about Class Counsel, their practices, and their lawyers' experience and their contact information is available at www.richmangreer.com, www.stockattorneys.com, and www.placeandhanley.com.

### 18. Do I have to pay money to participate in the Class?

No. You will not be responsible for any cost or attorneys' fees incurred in this lawsuit. If the Court approves the proposed settlement, Class Counsel will request that the Court award attorneys' fees in an amount not to exceed 30% of the $850,000 settlement fund ("Initial Attorneys' Fee"), and attorneys' fees in an amount not to exceed 30% of the value of the $20.00 Firm Commission discounts applied to Class Member trades ("Supplemental Attorneys' Fee"), plus reimbursement of reasonable litigation expenses. Newbridge has agreed to pay any Supplemental Attorneys' Fee awarded by the Court to Class Counsel directly. Any Supplemental Attorneys' Fee awards will not come out of the $850,000 settlement fund.

The Plaintiff will also ask the Court for an incentive award not to exceed $15,000, for her time and effort acting as the class representative and her willingness to bring this litigation and act on behalf of other Class Members.

### 19. When and where will the Court decide whether to approve the settlement?

The Court has scheduled a Settlement Hearing at _____ on _____ in the United States District Court Southern District of Florida – Fort Lauderdale Division, 299 East Broward Boulevard, Room 203, Fort Lauderdale, Florida 33301 in the Hon. Judge James I. Cohn's Courtroom. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are any objections, the Court will consider them. The Court may also decide how much to pay the attorneys for the Class. After the hearing, the Court will decide whether to grant final approval of the settlement. We do not know how long these decisions will take.

## GETTING MORE INFORMATION

### 20. Are there more details available?

Visit the website, www.newbridgeclassaction.com, where you will find the written Stipulation and Settlement, Exclusion Request form, the Class Notice, and other information. Additionally, complete copies of the pleadings and other documents filed in this litigation may be examined and copied during regular office hours of the Clerk of the Court, United States District Court Southern District of Florida – Ft. Lauderdale Division, 299 East Broward Boulevard, Room 108, Fort Lauderdale, Florida 33301. You may also speak to one of the lawyers by calling 1-866-445-8925, or by writing to: First Class, Inc. / J12661-Finkel, 5410 W. Roosevelt Rd., Ste 222, Chicago, IL 60644-1490.